IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HAROLD LAMB,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **4:13-CV-1025-L** |
| **XTO ENERGY, INC.,** | § | |
| | § | |
| Defendant, | § | |
| | § | |
| **and** | § | |
| | § | |
| **BANK OF AMERICA,** | § | |
| | § | |
| Nomimal Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Voluntary Dismissal Pursuant to Federal Rules of Civil Procedure 23.1(c) and 41(a) (Doc. 80), filed September 5, 2014. After considering the motion, response, reply, and applicable law, the court **grants** Plaintiff's Motion for Voluntary Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) and Rule 23.1(c) (Doc. 80); **dismisses without prejudice** this action; and **denies** Defendant's request for attorney's fees.

Plaintiff Harold Lamb ("Plaintiff" or "Lamb") seeks a voluntary dismissal of this action without prejudice so that he can pursue his claims in state court where a related case is pending. The state case was filed on January 22, 2014, after this action was filed. Defendant XTO Energy, Inc. ("Defendant" or "XTO") opposes the motion. Defendant acknowledges that, because of the posture of this case, Plaintiff need not provide notice to other unitholders under Rule 23.1. Defendant nevertheless contends that dismissal under Rule 41(a)(1) is not appropriate. Defendant contends that Plaintiff seeks to dismiss this case to avoid an adverse decision on Defendants' motions to dismiss,

**Memorandum Opinion and Order – Page 1**

and that dismissal without prejudice at this stage would be inappropriate after it and Nominal Defendant Bank of America have spent substantial money preparing their motions to dismiss. Defendant contends that if Plaintiff's motion is granted, it should be conditioned on Plaintiff paying Defendant's fees incurred in defending this lawsuit. Because of its status as nominal party, Defendant Bank of America has not taken a position on Plaintiff's motion.

Plaintiff replies that there is no evidence that his request to voluntarily dismiss this action is motivated by bad faith or forum shopping, as there has been no adverse ruling in the case against him. Plaintiff further asserts that Defendant's contention that he is seeking to avoid an adverse decision on Defendants' motions to dismiss is purely speculative. Plaintiff contends that dismissal of this case will avoid redundant, duplicative litigation, and that the briefing in this case is the same in many respects as that filed in the state court action. Plaintiff also contends that Defendant rejected his suggestion to resolve the jurisdictional issue in this case in a more efficient manner without extensive motion practice.

Under Federal Rule of Civil Procedure 41(a), a plaintiff may dismiss an action without court order, subject to Rule 23.1(c), by filing a notice of dismissal before the opposing party serves either an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Federal Rule of Civil Procedure 23.1(c) provides as follows: "A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." The parties agree that notice to the other unitholders is not required in this case with respect to Lamb's request for dismissal.

According to XTO, no controlling authority could be found by it or Lamb that addresses the factors that a court should consider when deciding whether to permit a dismissal under Rule 23.1(c).

**Memorandum Opinion and Order – Page 2**

XTO urges the court to apply the authority courts use in deciding whether to allow a dismissal under Federal Rule of Civil Procedure 41(a)(2).  Lamb, as far as the court can ascertain, agrees that the court should look to such authority; however, he contends that authority applying Rule 41(a)(2) supports dismissal without prejudice.  The court agrees that the standard to apply in determining whether a dismissal with prejudice should be allowed is Rule 41(a)(2) and will apply that standard.

In *Hambric Sports Management, LLC v. Gaylord Sports Management, LLC*, the undersigned set forth the standard to be used under Rule 41(a)(2) for a motion to dismiss:

> Ordinarily, a motion for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted).  Rule 41(a)(2) evinces a preference for dismissal without prejudice, as it provides, "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  Legal prejudice will exist when an affirmative defense would be lost.  *Elbaor*, 279 F.3d at 318.  Legal prejudice may also exist if the nonmovant could lose a *forum non conveniens* defense. *Ikospentakis v. Thalassic S. S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990).  Finally, legal prejudice may exist if "a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991).  Whether legal prejudice exists under these circumstances is a determination to be made by the court using its sound discretion.  If the court determines that legal prejudice exists, it may "refuse to grant a voluntary dismissal." *Id.* (citations omitted).  "[T]he mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003).
>
> A dismissal based on a motion filed pursuant to "Rule 41(a)(2) is within the sound discretion of the court." *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988) (citation and internal quotation marks omitted).  From the plain text of Rule 41(a)(2), a court is essentially required to resolve three distinct issues: (1) whether to permit a dismissal of the action; (2) whether any terms should be placed on or accompany the dismissal; and (3) whether the dismissal is to be with or without prejudice.

No. 3:09-CV-01662-L, 2013 WL 6181926, at*2-3 (N.D. Tex. Nov. 26, 2013).

XTO's argument that Plaintiff is forum shopping to avoid an adverse ruling is unsupported conjecture. Moreover, although XTO urges the court to apply the standard for Rule 41(a)(2), which the court has done, ironically, the standard works against XTO. This case was initiated by Plaintiff on December 31, 2013. None of the three conditions required to establish legal prejudice exists. During the nine months since the case was filed, no scheduling order has been issued, no answers or summary judgments have been filed, and there have been no decisions on the merits of Plaintiff's claims or the matters raised in Defendants' motions to dismiss. Further, as the issues in this case relate to and overlap those in the pending state case, judicial economy will be served if Plaintiff's motion is granted. For all of these reasons, the court concludes that XTO will not suffer any legal prejudice if it is required to defend in state court and that no conditions should be placed on the dismissal, namely, the payment of XTO's attorney's fees in preparing and filing its motion to dismiss in January 2014.

For the reasons herein stated, the court **grants** Plaintiff's Motion for Voluntary Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) and Rule 23.1(c) (Doc. 80); **dismisses without prejudice** this action; and **denies** Defendant's request for attorney's fees. *The court does not expect to see this action again in federal court.*

**It is so ordered** this 29th day of September, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge